IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Michelle Vandine,

      Plaintiff,

     v.                       Case No. 2:14-cv-1242

Trinity Health System,

      Defendant.


OPINION AND ORDER

    This is an action brought pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §626, et seq., and Ohio Rev. Code §4112.14(B) by plaintiff Michelle Vandine against defendant Trinity Health System, her former employer. Plaintiff alleges that defendant discriminated against her by terminating her employment because of her age. This matter is before the court for a ruling on defendant's December 15, 2014, motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b) for failure to state a claim upon which relief may be granted, plaintiff's February 4, 2015, motion for leave to file an amended complaint, and plaintiff's July 9, 2015, motion for leave to amend the proposed first amended complaint. The court will first address the motions to amend.

I. Motions to Amend the Complaint

A. First Motion to Amend

    The amendment of a complaint is governed by Fed. R. Civ. P. 15(a)(2). A "district court, generally speaking, has considerable discretion in deciding whether to grant" a Rule 15(a)(2) motion to amend. Leisure Caviar, LLC v. United States Fish and Wildlife Serv., 616 F.3d 612, 615 (6th Cir. 2010). "A motion to amend a complaint should be denied if the amendment is brought in bad

faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010)(quoting Crawford v. Roane, 53 F.3d 750, 753 (6th Cir. 1995)). However, Rule 15 states that the "court should freely give leave when justice so requires." Rule 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962).

Plaintiff's February 4, 2015, motion to amend her complaint was timely filed. The proposed amendments to paragraphs 20 through 23 of the complaint provide the names and approximate ages of the employees who allegedly assumed plaintiff's duties following her termination. Amended paragraphs 21 and 22 allege that defendant retained other substantially younger individuals, whose names plaintiff did not know, to perform plaintiff's duties and responsibilities. The proposed amendment does not add additional claims or parties, but rather supplies additional information concerning plaintiff's original age discrimination claim which was already within defendant's knowledge. Thus, defendant has not shown how it would be prejudiced by the amendment. Defendant argues that the proposed amended complaint fails to state a claim for age discrimination, and that amendment should be denied as futile. For the reasons stated below in ruling on defendant's motion to dismiss, the court finds that the proposed amendment would not be completely futile. Plaintiff's motion for leave to file her first amended complaint is granted.

B. Second Motion to Amend

On July 9, 2015, while the first motion to amend was still pending, plaintiff moved for leave to amend her proposed amended complaint. Plaintiff sought to further amend paragraph 19 to

2

state: "In terminating Ms. Vandine, Defendant was able to retain substantially younger Radiologic Technologists, and Defendant admits that it replaced Ms. Vandine with Donna Kearns, date of birth 1977." Doc. 19-1, p. 3. Defendant opposes this amendment, noting that May 31, 2015, was the deadline for filing motions to amend established by the magistrate judge's preliminary pretrial order. See Doc. 16.

Where the deadline specified in a scheduling order for filing a motion to amend the pleadings has passed, the plaintiff must show good cause for the failure to move to amend the complaint within the prescribed time frame. Thomas v. Tennessee Dep't of Transportation, 579 F.App'x 331, 333 (6th Cir. 2014). Fed. R. Civ. P. 16(b)(4) states that a "schedule may be modified only for good cause and with the judge's consent." Rule 16(b)(4). The primary focus of Rule 16's "good cause" standard is the moving party's diligence in attempting to meet the case management order's requirements. Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002). Another relevant consideration is possible prejudice to the party opposing the modification. Id. at 625.

Plaintiff claims that she had good cause for not requesting leave to further amend her proposed first amended complaint until after the deadline because defendant did not disclose the identity of plaintiff's replacement in its initial disclosures made on April 30, 2015. Although defendant argues that plaintiff was not diligent in serving her discovery requests, defendant's initial disclosures were served on April 30, 2015, the deadline established by the pretrial order, and plaintiff's interrogatories and document requests were served on May 6, 2015, less than one week later.

Defendant notes that its response to plaintiff's discovery requests was not due until June 5, 2015, which was after the May 31, 2015, deadline for filing motions to amend the pleadings. Plaintiff has submitted an e-mail from defendant's counsel showing that defendant did not respond to her interrogatories until June 22, 2015, forty-seven days after they were served.

This court finds that plaintiff has shown good cause for failing to comply with the scheduling order's deadline. This is not a case where the moving party knew about the information contained in the proposed amendment prior to the scheduling order's deadline, yet failed, without explanation, to move to amend the complaint before the deadline. See Thomas, 579 F.App'x at 334 (upholding denial of leave to amend where plaintiff knew identity of individual defendants before deadline); Ross v. American Red Cross, 567 F.App'x 296, 306 (6th Cir. 2014)(district court noted that proposed amendments were not based "on any newly discovered facts"); Leary v. Daeschner, 349 F.3d 888, 908 (6th Cir. 2003)(observing that plaintiffs offered no excuse for their delay in seeking monetary damages, and were "aware of the basis of the claim for many months"). Rather, the information was provided to plaintiff in discovery after the deadline for moving to amend the pleadings had passed. The mere fact that defendant was not required in this case to provide discovery until after the deadline for motions to amend is not sufficient to preclude a finding of good cause. Such a ruling would encourage defendants to delay providing discovery as long as possible, thereby frustrating the discovery rules' purpose of expediting discovery. In addition, defendant has not shown how it would be prejudiced by an amendment

4

to the complaint which simply adds information previously within defendant's knowledge and possession.  The motion for leave to amend the proposed first amended complaint is granted.

II. Motion to Dismiss

A. Standards

In ruling on a motion to dismiss under Rule 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff, accept all well-pleaded allegations in the complaint as true, and determine whether plaintiff undoubtedly can prove no set of facts in support of those allegations that would entitle her to relief.  Erickson v. Pardus, 551 U.S. 89, 94 (2007); Bishop v. Lucent Technologies, Inc., 520 F.3d 516, 519 (6th Cir. 2008); Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005).  While the complaint need not contain detailed factual allegations, the "[f]actual allegations must be enough to raise the claimed right to relief above the speculative level," Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), and must create a reasonable expectation that discovery will reveal evidence to support the claim.  Campbell v. PMI Food Equipment Group, Inc., 509 F.3d 776, 780 (6th Cir. 2007).  A complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

B. Elements of Plaintiff's Age Discrimination Claims

The ADEA prohibits an employer from discharging an individual "because of such individual's age." 29 U.S.C. §623(a)(1). Ohio Rev. Code §4112.14(A) provides that no employer shall "discharge without just cause any employee aged forty or older who is physically able to perform the duties and otherwise meets the established requirements of the job." §4112.14(A). Age discrimination claims under the Ohio statute are analyzed under the same standards as federal claims brought under the ADEA. Blizzard v. Marion Technical College 698 F.3d 275, 283 (6th Cir. 2012); Barker v. Scovill, Inc., 6 Ohio St.3d 146, 451 N.E.2d 807, 808 (1983).

A plaintiff may establish a violation of the ADEA through the use of direct or circumstantial evidence. Yeschick v. Mineta, 675 F.3d 622, 632 (6th Cir. 2012). Cases based on circumstantial evidence are based on the framework announced in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). To establish a prima facie case of age discrimination, plaintiff must show: (1) membership in a protected group (workers age forty and older); (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510 (2002). Plaintiff may satisfy the fourth element by showing that she was replaced by a significantly younger person, Grosjean v. First Energy Corp., 349 F.3d 332, 335 (6th Cir. 2003), or that similarly situated employees outside of the protected class were treated more favorably, Coomer v. Bethesda Hospital, Inc., 370 F.3d 499, 511 (6th Cir. 2004).

If plaintiff establishes a prima facie case, the burden shifts

to the defendant to articulate some legitimate, nondiscriminatory reason for the employee's rejection. Yeschick, 675 F.3d at 632. If the employer meets this burden, then plaintiff must rebut the proffered reason by showing that it was a pretext intended to mask discrimination. Id. Plaintiff can show pretext by proving: (1) that the proffered reasons had no basis in fact, (2) that the proffered reasons did not actually motivate her discharge, or (3) that they were insufficient to motivate discharge. Blizzard, 698 F.3d at 285. Ultimately, the burden of persuasion is on the plaintiff to show that "age was the 'but-for' cause of the employer's adverse action." Gross v. FBL Fin. Servs., Inc., 557 U.S. 167, 177 (2009).

Plaintiff correctly notes that she is not required to plead the elements of a prima facie case in her complaint, as the prima facie case is an evidentiary standard, not a pleading requirement. Swierkiewicz, 534 U.S. at 510. In Swierkiewicz, the Supreme Court held that ordinary rules of notice pleading apply, and upheld the complaint because it gave "fair notice" of the basis of the plaintiff's claims. Id. at 514. Twombly and Iqbal discussed the "plausibility" standard applicable to Rule 12(b)(6) motions to dismiss. Under this standard, although the complaint "need not present 'detailed factual allegations,' it must allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could 'draw the reasonable inference,'" that the defendant discriminated against the plaintiff with respect to terms, conditions or privileges of employment because of her age. Keys v. Humana, Inc., 684 F.3d 605, 610 (6th Cir. 2012)(quoting Iqbal, 556 U.S. at 678, 679). However, even

7

after Twombly and Iqbal, the Sixth Circuit continues to recognize the viability of Swierkiewicz and notice pleading under Fed. R. Civ. P. 8(a)(2), which requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Crowder v. Railcrew Xpress, 557 F.App'x 487, 492-3 (6th Cir. 2014); see also Keys, 684 F.3d at 609 (noting that it would be inaccurate to read Twombly and Iqbal so narrowly as to be the death of notice pleading, and recognizing the continuing viability of the "short and plain" language of Rule 8 in a discrimination action).

Although a plaintiff is not required to plead all of the elements of a McDonnell Douglas prima facie case, courts have held that a plaintiff who does so can satisfy the plausibility requirement by pleading facts sufficient to support the elements of a prima facie case. See Littlejohn v. City of New York, __ F.3d __, 2015 WL 4604250 at *6-9 (2d Cir. 2015)(complaint was sufficient where plaintiff pleaded facts supporting McDonnell Douglas elements of prima facie case of discrimination); Sheppard v. David Evans and Assoc., 694 F.3d 1045, 1050 n. 2 (9th Cir. 2012)(although not required to do so, where an ADEA plaintiff does plead a plausible prima facie case of discrimination, the complaint will be sufficient to survive a motion to dismiss); Swanson v. Citibank, N.A., 614 F.3d 400, 405-06 (7th Cir. 2010)(plaintiff may meet plausibility standard by pleading facts supporting a prima facie case of discrimination).

C. Plaintiff's Amended Complaint

The amended complaint in the instant case alleges that plaintiff was born on December 10, 1961. Amended Complaint, ¶ 1. This information is sufficient to allege that plaintiff is over

forty years of age and a member of the protected class. Plaintiff alleged that she was fully qualified for her position, that she had been employed by defendant as a radiologic technologist for over 23 years, and that she earned satisfactory to excellent performance ratings throughout her tenure. Amended Complaint, ¶¶ 4-6. These factual allegations are sufficient to allege that plaintiff was qualified for her position. Plaintiff further alleges that defendant terminated her employment effective December 7, 2012, which is sufficient to plead an adverse employment action.[1] Amended Complaint, ¶ 7.

The fourth element of an ADEA claim requires circumstances that support an inference of discrimination. Plaintiff alleges that defendant claims to have terminated her for failing to identify a patient who received an x-ray. Amended Complaint, ¶8. Plaintiff alleges that the patient in question was assigned to a co-worker, that plaintiff only accompanied the co-worker in case assistance was needed in lifting the patient, and that plaintiff was never in possession of the x-ray order or the means of identifying the patient. Amended Complaint, ¶¶ 10-11, 13. Plaintiff alleged that defendant knew that only the co-worker entered the patient's information into the computer after the procedure. Amended Complaint, ¶ 15. Plaintiff further alleged that under defendant's policies, it was the responsibility of the

_____

[1]The termination of plaintiff's employment is the only adverse employment action identified in plaintiff's complaint. Although plaintiff alleges that defendant treated Ashley Matthews and Aaron Straney, employees in their twenties, more favorably than plaintiff "under the specific terms of Defendant's employee handbook governing disciplinary action[,]" Amended Complaint, ¶ 20, there are no specific factual allegations relating to any other type of discipline imposed upon plaintiff.

co-worker to identify the patient before the procedure, and that defendant's policies did not place upon plaintiff the responsibility for identifying the co-worker's patient or checking the co-worker's work.  Amended Complaint, ¶¶ 12, 14, 16.

Defendant characterizes these allegations as being nothing more than an expression of plaintiff's disagreement with the decision to terminate her.  However, these allegations do more than express plaintiff's opinion that defendant's decision to terminate her was unjustified.  Plaintiff has alleged facts regarding defendant's employment policies which could support an inference of pretext.  See Blizzard, 698 F.23d at 286.  If, as plaintiff alleges, defendant's policies did not require her to identify a co-worker's patient, it could reasonably be inferred that her failure to do so did not actually motivate her discharge or was insufficient to motivate her discharge.  These factual allegations constitute circumstances that support a plausible inference of discrimination.

Plaintiff may also satisfy the fourth element of her ADEA claim by showing that she was replaced by a significantly younger person.  Grosjean, 349 F.3d at 335.  A plaintiff is not replaced when another employee is assigned to perform the plaintiff's duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work. Id. at 336.  A person is replaced only when another employee is hired or reassigned to perform the plaintiff's duties.  Id. Although the allegations that plaintiff's duties were assumed by Donna Hart and Dennis McDaniels, Amended Complaint ¶ 20, are not sufficient to allege that plaintiff was replaced by them, plaintiff

10

also alleged that "upon information and belief, subsequent to Plaintiff's termination Defendant hired substantially younger individuals to perform Plaintiff's duties and responsibilities." Amended Complaint, ¶ 22.  After the information was provided by defendant in discovery, plaintiff moved to amend ¶ 19 of the Amended Complaint to state that "Defendant admits that it replaced Ms. Vandine with Donna Kearns, date of birth 1977."  Age differences of ten or more years have generally been held to be sufficiently substantial to meet the requirement of the fourth part of the age discrimination prima facie case.  Id.  Because Kearns is alleged to be a substantially younger person (over ten years younger than plaintiff, who was born in 1961), this statement is sufficient to support a plausible inference of discrimination.  See Blizzard, 698 F.3d at 283 (allegation that the plaintiff was replaced by a significantly younger worker is sufficient to support an inference of discrimination).

An inference of discrimination may also be drawn from facts showing that similarly situated employees outside of the protected class were treated more favorably.  Coomer, 370 F.3d at 511. Plaintiff alleges that Matthews and Straney, employees in their twenties, were treated more favorably under the terms of defendant's employee handbook governing termination.  Amended Complaint, § 20.  However, the complaint contains no facts demonstrating that these employees were similarly situated to plaintiff.  To be "similarly situated," the other employees must have dealt with the same supervisor, have been subject to the same standards, and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish

their conduct or the defendant's treatment of them for it. Mitchell v. Toledo Hosp., 964 F.2d 577, 583 (6th Cir. 1992). Although plaintiff is only required to show that her situation was comparable to that of the other employees in all factors relevant to the factual context, as opposed to similarity in all respects, see Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 352 (6th Cir. 1998), the complaint provides no information concerning these other employees or how they were similarly situated to or treated more favorably than plaintiff.  Thus, the complaint fails to plead a discrimination claim based on a disparate treatment theory.    However, this failure does not warrant granting defendant's motion to dismiss because, as discussed above, the complaint otherwise pleads sufficient facts to give rise to a plausible inference that defendant was motivated by age discrimination in terminating plaintiff's employment.

The court finds that the amended complaint contains facts sufficient to give defendant "fair notice" of the basis of plaintiff's claims, Swierkiewicz, 534 U.S. at 514, and to "state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570.  Defendant's motion to dismiss is not well taken.

III. Conclusion

In accordance with the foregoing, plaintiff's motion to amend her complaint (Doc. 15) and her motion to amend her proposed first amended complaint (Doc. 19) are granted.  The motion to dismiss (Doc. 8) is denied.

Date: September 8, 2015          s/James L. Graham
                                James L. Graham
                                United States District Judge

12